**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4352**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

KARL ANTHONY BUTLER,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge. (5:11-cr-00329-D-1)

Submitted:  December 18, 2012      Decided:  January 8, 2013

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven R. Kiersh, KIERSH LAW OFFICE, Washington, D.C., for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Anthony Butler pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court designated Butler an armed career criminal, 18 U.S.C. § 924(e) (2006), and also upwardly departed from the Guidelines established in the presentence investigation report ("PSR") on account of Butler's extensive criminal history. The district court sentenced Butler to 240 months in prison. Butler appeals, asserting that the district court erred by sentencing him as an armed career criminal. Finding no error, we affirm Butler's sentence.

In the presentence investigation report ("PSR"), the probation officer recommended that Butler be sentenced as an armed career criminal as defined in U.S. Sentencing Guidelines Manual § 4B1.4(a) (2011), finding that Butler had at least three prior crimes of violence—namely, five prior convictions for felony common law robbery and one conviction for felony possession with intent to sell and deliver cocaine. At sentencing, in opposing the district court's proposed upward departure, counsel for Butler did not object to Butler's designation as an armed career criminal, and in fact affirmatively asserted that the armed career criminal designation and mandatory minimum sentence appropriately reflected Butler's prior criminal history.

2

On appeal, Butler first asserts that the district court erroneously categorized him as an armed career criminal. Specifically, Butler contends that the offense of common law robbery, as defined in North Carolina, is not a predicate offense for enhancement under the Armed Career Criminal Act ("ACCA"). In addition, Butler argues that his prior convictions from more than fifteen years ago were improperly considered as predicate offenses under the ACCA. Butler therefore contends that the court improperly classified him as an armed career criminal.

The Government argues that Butler waived his challenge to the armed career criminal designation and, in any event, did not demonstrate that his sentence should be vacated under plain error review. We agree with the Government that Butler has waived any challenge to the armed career criminal designation. "[W]aiver is the intentional relinquishment or abandonment of a known right," and extinguishes potential error. United States v. Olano, 507 U.S. 725, 733-34 (1993) (internal quotation marks omitted). "When a claim of . . . error has been waived, it is not reviewable on appeal." United States v. Claridy, 601 F.3d 276, 284 n.2 (4th Cir.), cert. denied, 131 S. Ct. 259 (2010).

Here, Butler, through counsel, failed to object, in the PSR or at sentencing, to his armed career criminal

3

designation.  More significantly, in arguing against an upward departure, counsel concurred that Butler was properly classified as an armed career criminal, stating, "We think the Guidelines sentencing with the armed career criminal is an appropriate level for what he has done, what he's been convicted of," and "The base offense level that he got for armed career criminal has taken into account his record . . . ."  We conclude that counsel's statements at sentencing constitute a waiver of the issue, and therefore, we decline to review his claims for error—plain or otherwise.  See Olano, 507 U.S. at 733; Claridy, 601 F.3d at 284 n.2.[*]

We also reject Butler's claim that his convictions from more than fifteen years ago were improperly considered in determining his ACCA status.  In United States v. Presley, 52 F.3d 64, 69-70 (4th Cir. 1995), we held that there is no temporal restriction on prior felony offenses for purposes of the ACCA.  Presley, 52 F.3d at 69-70.  Therefore, the fact that all of Butler's common law robbery convictions were fifteen

---

[*] Butler here is "deemed bound by the acts of his lawyer-agent."  New York v. Hill, 528 U.S. 110, 114-15 (2000) (internal quotation marks omitted).  Further, even if the law were otherwise, it is quite clear that the district court did not commit plain error in relying on Butler's predicate convictions to sentence him as an armed career criminal.

years old or older at the time of Butler's sentencing is of no legal significance.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>